1  Edwin Wheeler (Bar No. 189991)
   **WHEELER IP LAW**
2  220 Dedalera Dr.
   Portola Valley, CA 94028
3  Tel: (650) 963-4960
   edwin@wheeleriplaw.com
4
   Michael B. Marion (*pro hac vice forthcomming*)
5  **BYCER & MARION**
   7220 N. 16th Street, Suite H
6  Phoenix, Arizona 85020
   Tel: (602) 944-2277
7  michael@bycermarion.com
   *Attorneys for Plaintiff*
8

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Quickie Tie-Down Enterprises LLC, an Arizona limited liability company, | Case No. _____ |
| Plaintiff, | **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT, FALSE MARKING, AND UNFAIR COMPETITION** |
| v. | |
| USA Products Group, Inc., a California Corporation; Stephen Jackson and Unknown Jackson, a married couple, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Quickie Tie-Down Enterprises LLC (hereinafter "Plaintiff"), claims relief from Defendant USA Products Group, Inc. (hereinafter "USA Products"), Steven Jackson, Unknown Jackson (hereinafter collectively "Defendants") and, by their attorney alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for infringement of United State Patent No. 9,770,071, titled "Parachute Cord Tie Down" ("the '071 Patent") under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including §§ 271(a)-(c) and 292, and for unfair competition under the Lanham Act, 15 U.S.C. § 1125.

1
**COMPLAINT**

**PARTIES**

2.      Plaintiff is an Arizona limited liability company with a principal place of business located at 663 West 2nd Avenue, #12, Mesa, Arizona 85210.

3.      USA Products is a California corporation having a principal place of business located at 1300 East Vine #1, Lodi, California 95240.

4.      On information and belief, Steven Jackson is an individual with an address at 1300 East Vine, Lodi, California 95240.

5.      Steven Jackson is the Chief Executive Officer, Chief Financial Officer, Secretary, and an officer of USA Products.

6.      On information and belief, Steven Jackson is married to Unknown Jackson.

7.      Defendant Steven Jackson is an agent, officer, manager, principal, and/or alter-ego of USA Products and was at all times acting within the scope of such agency, affiliation, and/or alter-ego relationship; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a) because the action concerns federal questions arising under the patent laws of the United States, including 35 U.S.C. § 271, and the Lanham Act, 15 U.S.C. § 1121.

9.      This Court has personal jurisdiction over the Defendants because Defendants reside in this District, have a regular and established place of business in this District, and have committed acts of patent infringement in this District.

**COMPLAINT**

1    10.    Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendants

2    reside in this District, have a regular and established place of business in this District and

3    have committed acts of patent infringement in this District.

4

5    **STATEMENT OF FACTS**

6    11.    Plaintiff is in the business of manufacturing, distributing, and selling various

7    tie-down apparatuses, including, but not limited to, universal tie-downs, shelter net tie-downs,

8    1/8" rope tie-downs, 1/4" tie-downs, 3/8" tie-downs, 3/8" marine tie-downs, 3/8" side-drives,

9    ratchets, 50K lbs. webbing, and rope ratchet tie-downs throughout the United States,

10   including this District.

11   12.    USA Products distributes and sells the identical products as Plaintiff, including

12   rope tie-downs, as well as other similar products throughout the United States, including in

13   this District, in direct competition with Plaintiff.

14   13.    Plaintiff and Defendants have a long history that goes back twenty-five years.

15   14.    On or about 2005, Plaintiff and USA Products entered into a patent license that

16   licensed certain patents directed to tie-down apparatuses owned by Plaintiff for USA Products

17   to practice and commercialize the patents.

18   15.    USA Products did commercialize the tie-down apparatus patents and made,

19   used, sold and imported licensed tie-downs in the United States.

20   16.    As part of the ongoing relationship between Plaintiff and USA Products,

21   Plaintiff confidentially provided USA Products with new products and inventions Plaintiff

22   was developing with the intent of USA Products commercializing these new products.

23   17.    On or about 2012, Plaintiff terminated the 2005 license due to USA Products'

24   failure to pay royalties due under the license.

25   18.    Despite the termination of the license, USA Products continued to sell the tie-

26   downs in violation of Plaintiff's patent rights.

27

28

19.     Also, on or about 2012, Plaintiff learned that USA Products' principal Steven Jackson had applied for, and was granted, a U.S. Patent on invention of Mr. Kenneth Kingery, the owner and principal of Plaintiff claiming a tie-down that Mr. Kingery had confidentially disclosed to Mr. Jackson.

20.     Defendants refused to correct the inventorship of the issued patent despite demands to do so.

21.     On the whole, Defendants used their relationship with Plaintiff to take Plaintiff's business for themselves while decimating Plaintiff's own ability to profit off its own inventions.

22.     Defendants' actions so fully crippled Plaintiff's business that Plaintiff was unable to have sufficient funds to pursue legal actions against Defendants at that time.

23.     With Plaintiff so fully hobbled, Defendants continued to rip off Plaintiff's inventions and products, bringing its own knock-off products to market despite Plaintiff inventing new products.

24.     Defendants had and continue to have full knowledge of Plaintiff's patent portfolio and have used Plaintiff's inventions to their own benefit while continuing to hobble Plaintiff's ability to profit off its inventions.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 9,770,071

25.     The allegations set forth above are restated and incorporated herein by reference.

26.     On September 26, 2017, United States Patent No. 9,770,071, titled "Parachute Cord Tie Down" ("the '071 Patent") was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to inventor Kenneth G. Kingery. A true and correct copy of the '071 Patent is attached to this complaint as **Exhibit A**.

27.     Plaintiff is the assignee of all rights to the '071 Patent.

28.    The '071 Patent is valid and enforceable.

29.    In general, the '071 Patent is directed to a combined apparatus that "supports a knurled or toothed wheel for engagement with a parachute cord [such that] engagement with the parachute cord prevent[s] translation of the parachute cord in one direction [and] supports a hood or cord for anchoring the tie down to an anchor." (*See* Ex. A '071 Patent, at p. 1, Abstract.).

30.    More specifically, claim 10 of the '071 Patent reads:

A tie down for use with a parachute cord, said tie down comprising;

(a) a pair of sidewalls;

(b) a pair of bosses extending from one sidewall of said pair of sidewalls into nested engagement with the other sidewall of said pair of sidewalls;

(c) a pair of bolts extending through said other sidewall of said pair of sidewalls into threaded engagement with respective ones of said bosses;

(d) a wheel in the shape of a cylindrical ring rotatably supported upon one boss of said pair of bosses for engagement with the parachute cord, said wheel including knurling about the external cylindrical surface of said wheel;

(e) a pawl rotatably supported on a shaft extending intermediate said pair of sidewalls and proximate said wheel, said pawl including further knurling along one surface of said pawl in proximity to said wheel;

(f) a spring for biasing said pawl toward said wheel to urge compression of the parachute cord against said wheel and frictional engagement with the knurling on said wheel and the further knurling on said pawl; and

(g) a hook attached to the other boss of said pair of bosses and adapted to engage an element.

31.    USA Products has manufactured, used, offered for sale, and sold in the United States products that infringe at least claim 10 of the '071 Patent, and continues to do so.

32.     USA Products markets and sells its products using the brand name, "PROGRIP."

33.     By way of example, USA Products' "6' Better Than Bungee Tie Down" product (the "Infringing Product") infringes at least claim 10 of the '071 Patent literally and by the doctrine of equivalents, with the Infringing Product as shown below:





**COMPLAINT**

34.     A chart showing that the Infringing Product directly infringes each and every limitation of claim 10 of the '071 Patent is attached hereto as **Exhibit B**.

35.     Defendants have had knowledge of the '071 Patent at least as early as 2017, and Defendant knew that its product infringed the '071 Patent.

36.     Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

37.     By manufacturing, using, and offering for sale, and selling in the United States the Infringing Products, Defendants have injured Plaintiff and are liable to Plaintiff for infringement of the '071 Patent pursuant to 35 U.S.C. § 271.

38.     As a result of Defendants' infringement of the '071 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

39.     Despite this notice, Defendants infringed the '071 Patent with full and complete knowledge that the Infringing Product infringes the '071 Patent. Defendants lacked and continue to lack a good faith belief that the '071 Patent is invalid or not infringed. Defendants' infringement was willful, deliberate, egregious, and flagrant.

40.     Defendants have no good-faith belief that its Infringing Product does not infringe the '071 Patent, or that the '071 Patent is invalid. Defendants have not taken any steps to remedy its infringement of the '071 Patent. Defendants' conduct in this regard further shows that Defendants have willfully and intentionally infringed the '071 Patent.

41.     Thus, Defendants' infringement of the '071 Patent was willful, deliberate, egregious, and flagrant, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COMPLAINT**

<u>**COUNT II**</u>

**FALSE MARKING UNDER 35 U.S.C. § 292**

42.     The allegations set forth above are restated and incorporated herein by reference.

43.     Defendants have falsely marked the Infringing Product as a patent article.

44.     On Defendants' Amazon page, Defendants state that the Infringing Product has a "patented push button release and coated hooks" as shown below:



45.     Defendants have falsely marked the Infringing Product as a patent article as, upon investigation, Defendants do not own or license a patent that covers the Infringing Product.

46.     Defendants have falsely marked the Infringing Product as a patent article with the intent to deceive the public.

47.     Plaintiff has sustained a competitive injury from Defendants' false mark of its Infringing Product as Plaintiff sells a directly competing article.

## COUNT III

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

48.   The allegations set forth above are restated and incorporated herein by reference.

49.   At the time of committing the acts herein alleged, Defendants advertised its products using "USA PRODUCTS" on its advertising and marketing materials, despite prominently using its "PROGRIP" brand name.

50.   At the time of committing the acts herein alleged, all of Defendants' products are made in China and imported into the United States.

51.   The use of "USA PRODUCTS" in connection with its products creates a false designation of origin by using in commerce labeling such that the consuming public would reasonably believe Defendants' products were made in the United States, thereby deceiving customers into believing that Defendants' products are American-made.

52.   Conversely, Plaintiff is a supplier for products for U.S. Military. Plaintiff makes and sells products that are made in America that directly compete with Defendants' products.

53.   By engaging in the aforesaid acts, Defendants are unfairly competing with Plaintiff by creating a false impression that Defendants' products have similar origin as Plaintiff's products.

54.   Defendants' continuing and knowing deception of the public constitutes unfair competition under the Lanham Act.

55.   Defendants' unfair competition is and has been knowing, intentional, and in bad faith.

56.   As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss in amount to be proven at trial and irreparable injury to Plaintiff's name, business reputation and goodwill.

57.   Defendants have willfully, intentionally, deliberately, and knowingly confused customers concerning the source or sponsorship of their products in violation of 15 U.S.C. §

1125(a), and Defendants continue to do so in blatant disregard for the truth that its products are manufactured and imported from China.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter, jointly and severally:

     a.     A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '071 Patent;

     b.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for infringement of the '071 Patent, as provided under 35 U.S.C. § 284;

     c.     A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, prejudgment and post-judgment interest;

     d.     A declaration that Defendants' infringement of the '071 Patent was willful;

     e.     A judgment and order requiring Defendants to pay Plaintiff enhanced damages under 35 U.S.C. § 284;

     f.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants;

     g.     Preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, licensees, subsidiaries and affiliated companies, successors and assigns, and any and all persons in active concert or participation with any of them, from infringing the '071 Patent;

     h.     Damages adequate to compensate for the injury suffered from Defendants' false marking under 35 U.S.C. § 292;

i.      Preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, licensees, subsidiaries and affiliated companies, successors and assigns, and any and all persons in active concert or participation with any of them, from (1) making false or misleading statements regarding the nature of the country of origin of its goods, including the use of USA PRODUCTS or other similar designations in association with its products and (2) competing unfairly with Plaintiff in any manner by improperly stating or implying that any of its products not made in the United States are made in the United States;

j.      A judgment in the amount of Plaintiff's actual damages and Defendants' profits under 15 U.S.C. § 1117(a);

k.      A judgment and order finding that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

l.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

//
//
//
//
//
//
//
//
//

11

**COMPLAINT**

Dated this 14th day of March, 2024.

**WHEELER IP LAW**

By: /s/ Edwin Wheeler

Edwin Wheeler (Bar No. 189991)
**WHEELER IP LAW**
220 Dedalera Dr.
Portola Valley, CA 94028
Tel: (650) 963-4960
edwin@wheeleriplaw.com

Michael B. Marion (*pro hac vice forthcoming*)
**BYCER & MARION**
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
Tel: (602) 944-2277
michael@bycermarion.com

*Attorneys for Plaintiff Quickie Tie-Down Enterprises, LLC*

**COMPLAINT**